■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK H. HILKEN, Appellant. [775 NYS2d 741]—Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered August 29, 2002. The judgment convicted defendant,

upon his plea of guilty, of driving while intoxicated as a felony and criminal mischief in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of driving while intoxicated as a class E felony (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [i]) and criminal mischief in the third degree (Penal Law former § 145.05), defendant contends that he was deprived of effective assistance of counsel. To the extent that defendant's specifications of ineffective assistance survive the guilty plea (*see People v Cass,* 1 AD3d 1025 [2003]; *People v Brown,* 305 AD2d 1068, 1069 [2003], *lv denied* 100 NY2d 579 [2003]), we note that, "[i]n the context of a guilty plea, a defendant has been afforded meaningful representation [where, as here,] he . . . receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford,* 86 NY2d 397, 404 [1995]; *see People v Thompson,* 4 AD3d 785 [2004]; *People v Davis,* 302 AD2d 973, 974 [2003], *lv denied* 100 NY2d 537 [2003]). In any event, we further note that most of defendant's specifications of ineffective assistance concern matters outside the record and thus must be raised by way of a CPL article 440 motion (*see People v Jackson,* 4 AD3d 773 [2004]; *People v Nicholson,* 269 AD2d 868, 869 [2000], *lv denied* 95 NY2d 907 [2000]).

There is no merit to defendant's challenge to the factual sufficiency of the plea allocution (*see People v Lopez,* 71 NY2d 662, 665 [1988]; *People v James,* 299 AD2d 932, 932-933 [2002], *lv denied* 99 NY2d 583 [2003]). The sentence is not unduly harsh or severe. The contention that defendant did not receive timely notice that one of the victims would speak at sentencing is without merit, to the extent that it is preserved for our review and reviewable on this record (*see generally* CPL 380.50 [2] [a] [1]; [b]). Finally, in the absence of a showing of good cause for substitution of counsel, County Court did not abuse its discretion in denying defendant's request for that relief (*see People v Sikes,* 2 AD3d 1362 [2003]; *People v Welch,* 307 AD2d 776, 777 [2003], *lv denied* 100 NY2d 625 [2003]; *see generally People v Sides,* 75 NY2d 822, 824 [1990]). Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.