■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD H. STANTON, JR., Appellant. [842 NYS2d 637]—

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered May 17, 2006. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree, criminal mischief in the third degree and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of burglary in the third degree (Penal Law § 140.20), criminal mischief in the third degree (§ 145.05 [2]) and petit larceny (§ 155.25). Contrary to defendant's contention, the record of the *Huntley* hearing supports County Court's determination that the statements of defendant to the police were voluntarily made after he waived his *Miranda* rights (*see People v Gainey*, 34 AD3d 1250 [2006], *lv denied* 8 NY3d 880 [2007]). Defendant failed to preserve for our review his contention that photographs of footprints at the crime scene were improperly admitted in evidence (*see generally People v Everson*, 100 NY2d 609, 610 [2003]) and, in any event, that contention is without merit (*see generally People v Wood*, 79 NY2d 958, 960 [1992]).

Contrary to the further contention of defendant, the court did not err in refusing to grant a mistrial based upon the prosecutor's questioning of defendant concerning an uncharged bur-

glary. Reversal based on prosecutorial misconduct is warranted only when the misconduct has caused such substantial prejudice to defendant that he was denied due process of law (*see People v Rubin*, 101 AD2d 71, 77 [1984], *lv denied* 63 NY2d 711 [1984]). "In measuring whether substantial prejudice has occurred, one must look at the severity and frequency of the conduct, whether the court took appropriate action to dilute the effect of that conduct, and whether review of the evidence indicates that without the conduct the same result would undoubtedly have been reached" (*People v Mott*, 94 AD2d 415, 419 [1983]). Here, although the court admonished the prosecutor after he first questioned defendant concerning the uncharged burglary, the prosecutor nevertheless asked defendant a second question concerning the uncharged crime. The court thereupon excused the jury, again admonished the prosecutor, and issued a curative instruction to the jury when it returned to the courtroom. Affording the appropriate deference to the court's decision whether to grant a mistrial (*see People v Michael*, 48 NY2d 1, 9 [1979]), we conclude that the court properly denied defendant's motion for a mistrial. Present—Hurlbutt, J.P., Gorski, Lunn, Fahey and Peradotto, JJ.