■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD COOK, Appellant. [847 NYS2d 496]—

Appeal from a judgment of the Supreme Court, Erie County (Richard C. Kloch, Sr., A.J.), rendered April 24, 2006. The judgment convicted defendant, upon his plea of guilty, of criminal sexual act in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal sexual act in the first degree (Penal Law § 130.50 [3]), defendant contends that Supreme Court abused its discretion by failing, sua sponte, to order a second competency evaluation at the time of the plea proceeding. We reject that contention (see generally People v Morgan, 87 NY2d 878, 879-880 [1995]; People v Taylor, 13 AD3d 1168 [2004], lv denied 4 NY3d 836 [2005]). The record establishes that the court had ordered a competency evaluation prior to the plea proceeding and had received reports from two qualified psychiatrists stating that defendant understood the proceedings and was competent to assist in his defense. We cannot conclude on the record before us that the court abused its discretion in failing, sua sponte, to order another competency evaluation or in failing, sua sponte, to direct a hearing to determine the issue of defendant's competency pursuant to CPL 730.30 (2). The further contentions of defendant in his main brief and his pro se supplemental brief that his plea resulted from ineffective assistance of counsel, and thus was involuntary, involve matters that are outside the record on appeal and must be raised by way of a motion pursuant to CPL article 440 (see People v Washington, 39 AD3d 1228, 1229-1230 [2007], lv denied 9 NY3d 870 [2007]).

We have considered the remaining contentions in defendant's pro se supplemental brief, and we conclude that they are without merit. Present—Scudder, P.J., Smith, Centra, Lunn and Peradotto, JJ.