THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON WASHINGTON, Appellant. [852 NYS2d 877]—

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). Contrary to the People's contention, the record contains no waiver by defendant of the right to appeal, although we note that County Court indicated at the commencement of the plea proceeding that it assumed that the plea bargain included such a waiver. Nevertheless, we reject the challenge by defendant to the severity of the bargained-for sentence, raised in his main and pro se supplemental briefs. The record belies the further contention of defendant in his pro se supplemental brief that he was not advised of the period of postrelease supervision and thus that his plea was not knowingly and voluntarily entered. Indeed, the record establishes that the court advised defendant at the commencement of the plea colloquy that his plea bargain included a mandatory five-year period of postrelease supervision. Finally, defendant contends in his pro se supplemental brief that he received ineffective assistance of counsel. Defendant must raise that contention by way of a motion pursuant to CPL article 440 to the extent that it concerns matters outside the record on appeal (*see People v Cook*, 46 AD3d 1427 [2007]; *People v Hilken*, 6 AD3d 1109, 1110 [2004], *lv denied* 3 NY3d 641 [2004]). To the extent that defendant's contention concerns matters in the record before us and survives defendant's guilty plea (*see People v Thompson*, 45 AD3d 1414 [2007]; *People v Burke*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]), we conclude that it is lacking in merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Present—Smith, J.P., Centra, Fahey, Peradotto and Green, JJ.