■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TARA GRAVINO, Appellant. [877 NYS2d 725]—

Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered September 14, 2007. The judgment convicted defendant, upon her plea of guilty, of rape in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of rape in the third degree (Penal Law § 130.25 [2]). County Court did not abuse its discretion in denying defendant's pro se oral motion to withdraw the plea (*see People v McNally,* 59 AD3d 959 [2009]). "[D]efendant's specifications of ineffective assistance concern matters outside the record and thus must be raised by way of a CPL article 440 motion" (*People v Hilken,* 6 AD3d 1109, 1110 [2004], *lv denied* 3 NY3d 641 [2004]). Contrary to the contention of defendant, her lack of awareness prior to sentencing that she would be required to register as a sex offender did not affect the voluntariness of her plea (*see People v Smith,* 37 AD3d 1141, 1142 [2007], *lv denied* 9 NY3d 851 [2007], *reconsideration denied* 9 NY3d 926 [2007]). Contrary to defendant's further contention, the record of the *Huntley* hearing supports the court's determination that the statement of defendant to the police was voluntar-

ily made after she waived her *Miranda* rights (*see People v Stanton*, 43 AD3d 1299 [2007], *lv denied* 9 NY3d 993 [2007]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Peradotto, Carni, Green and Pine, JJ.