[1 NE3d 785, 978 NYS2d 711]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX HERNANDEZ, Appellant.

Argued September 11, 2013; decided November 19, 2013

**APPEARANCES OF COUNSEL**

*Steven Banks, The Legal Aid Society*, New York City (*Bonnie C. Brennan* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Hope Korenstein* and *Patrick J. Hynes* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Based on defendant's alleged attempt to rape his sister-in-law, defendant, a lawful permanent resident of the United States originally from the Dominican Republic, was charged with one count of attempted rape in the first degree, two counts of sexual abuse in the first degree and one count of attempted sexual abuse in the first degree. During a suppression hearing, defendant pleaded guilty to sexual abuse in the first degree (*see* Penal Law § 130.65 [1]) in full satisfaction of the indictment. In exchange for his plea, the court sentenced defendant to a determinate prison term of five years to be followed by five years of postrelease supervision.

After sentencing, federal immigration authorities sought to deport defendant based on his conviction in this case. At a removal hearing, a federal immigration judge ordered defendant's removal from the country. Thereafter, defendant, represented by new counsel, filed a motion to vacate his conviction pursuant to CPL 440.10, asserting that the attorney who had represented him at the plea proceeding had been ineffective for failing to inform him that deportation would be mandatory upon his guilty plea. Supreme Court held a hearing on defendant's motion, and defendant, his former attorney and defendant's son testified at that proceeding.

At the end of the hearing, the court denied defendant's post-judgment motion. The court determined that defendant had been confronted with highly compelling reasons to plead guilty

because, at the time of his plea, he had learned that the People possessed strong evidence of his guilt, his ties to his family in the United States were strained, and he faced a lengthy prison sentence if convicted after trial. In the court's view, even if defendant had known that he would be deported, he almost certainly would have pleaded guilty to avoid prolonged incarceration upon a conviction after trial, which would still have been followed by deportation. In addition, the court rejected defendant's testimony that he was innocent and had a close relationship with his family, finding those assertions incredible. Thus, the court concluded, although defendant had shown that his attorney's performance had not met reasonable professional standards of competence, defendant had not established the existence of a reasonable probability that, but for counsel's inadequate advice, he would not have pleaded guilty.

Defendant appealed, and a divided panel of the Appellate Division affirmed defendant's judgment of conviction and sentence and the order denying defendant's motion to vacate his plea (*see* 98 AD3d 449, 449-458 [1st Dept 2012]). In two separate concurring opinions, three Justices determined that the hearing court's factual and credibility findings were supported by the record, and that "defendant did not establish that he was prejudiced by his counsel's inadequate advice on the deportation consequences of his guilty plea" because "defendant did not demonstrate a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial' " (*id.* at 450 [Sweeny, J., concurring], quoting *Hill v Lockhart*, 474 US 52, 59 [1985]; *see also id.* at 450-451 [Manzanet-Daniels, J., concurring]).

Two Justices dissented and voted to reverse because, in their view, defendant had established the requisite prejudice. In particular, the dissenters opined, defendant's testimony showed that he had pleaded guilty in order to "minimize his separation from his six children" (*id.* at 457 [Freedman, J., dissenting]). The dissenters further asserted that the hearing court's findings of fact and credibility determinations were unsupported by the record (*id.*). A Justice of the Appellate Division granted defendant leave to appeal to this Court, and we affirm.

Under the State and Federal Constitutions, a defendant has the right to the effective assistance of counsel (*see* US Const 6th Amend; NY Const, art I, § 6; *People v Baldi*, 54 NY2d 137, 146 [1981]). Under the Federal Constitution, defense counsel is ineffective when his or her performance "f[a]ll[s] below an objective

standard of reasonableness" under "prevailing professional norms" (*Strickland v Washington*, 466 US 668, 687-688 [1984]). Even if counsel's performance is deficient, however, the defendant's conviction will not be reversed unless "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (*id.* at 694-695). In the plea context, the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" (*Hill v Lockhart*, 474 US 52, 59 [1985]; *see Roe v Flores-Ortega*, 528 US 470, 478 [2000]). Whether the defendant can show such a "reasonable probability" will often turn, as it does here, on credibility determinations which, if they have support in the record, we cannot review (*see id.*; *see generally People v McRay*, 51 NY2d 594, 601 [1980]).

In *Padilla v Kentucky* (559 US 356, 363-371 [2010]), the United States Supreme Court applied the *Strickland* framework to a defense attorney's advice, or lack thereof, regarding the immigration consequences of a guilty plea, reasoning that modern immigration law made the possibility of deportation so central to a non-citizen defendant's decision to plead guilty that defense counsel had to inform the defendant about it prior to his or her guilty plea (*see Padilla*, 559 US at 363-371; *see also People v Haffiz*, 19 NY3d 883, 884 [2012]). Specifically, the Court held that counsel "must advise her client regarding the risk of deportation," but the Court also cautioned that counsel's duty "is more limited" where the "deportation consequences of a particular plea are unclear or uncertain" (*Padilla*, 559 US at 367-369).

Additionally, the Court observed, "Whether Padilla is entitled to relief on his claim will depend on whether he can satisfy *Strickland*'s second prong, prejudice, a matter we leave to the Kentucky courts to consider in the first instance" (*id.* at 369). The Court reiterated that *Strickland*'s prejudice prong hinged on "whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different' " (*id.* at 366, quoting *Strickland*, 466 US at 694). In describing the prejudice prong, the Court repeatedly cited *Hill v Lockhart* and *Roe v Flores-Ortega* (*see Padilla*, 559 US at 369-373), both of which described the "reasonable probability" standard of prejudice in the plea context (*see Hill*, 474 US at 59; *see Flores-Ortega*, 528 US at 485). The Court further stated that the dissenting Justices' fear of a flood

of new litigation resulting from the Court's decision was unfounded because "to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances" (*Padilla*, 559 US at 372).

Here, defendant seizes on the language quoted above to claim that *Padilla* announced a new "rationality" test for prejudice under the *Strickland* framework, and he argues that the hearing court violated his federal constitutional rights by failing to apply that standard. But, *Padilla* did not delineate a new standard for prejudice under *Strickland*. The *Padilla* Court repeatedly cited cases setting forth the traditional "reasonable probability" test for prejudice, and the Court's comment about "rational[ity] under the circumstances" (*Padilla*, 559 US at 372) appears to be a simple rephrasing of the existing rule described in *Strickland*, *Hill* and their progeny. Furthermore, any language in the *Padilla* opinion altering the prejudice standard would be dicta because the Supreme Court decided that case based solely on the performance prong of the *Strickland* framework without conducting a prejudice analysis; in fact, the Court expressly left the resolution of the prejudice issue to the Kentucky Supreme Court on remand (*see Padilla*, 559 US at 369). Significantly, too, after *Padilla*, the Supreme Court has continued to apply the "reasonable probability" test for prejudice to ineffective assistance claims in the plea context (*see Missouri v Frye*, 566 US —, —, 132 S Ct 1399, 1410 [2012]; *Lafler v Cooper*, 566 US —, —, 132 S Ct 1376, 1384-1385 [2012]). Thus, *Padilla* has not diluted defendant's burden to demonstrate a reasonable probability that he would not have pleaded guilty but for counsel's poor advice.

Moreover, upon reviewing the record, we conclude that there is support for the lower courts' determination that defendant failed to show a reasonable probability that, if counsel had informed him that he was certain to be deported as a result of his guilty plea, he would not have pleaded guilty and would have gone to trial (*see Padilla*, 559 US at 366, 372; *Strickland*, 466 US at 694-695; *People v McDonald*, 1 NY3d 109, 114 [2003]; *compare Pilla v United States*, 668 F3d 368, 372-373 [6th Cir 2012], *with United States v Akinsade*, 686 F3d 248, 250-256 [4th Cir 2012]). Thus, the decisions below are beyond our further review and must be affirmed (*see generally Strickland*, 466

US at 698; *McRay*, 51 NY2d at 601).*

Accordingly, the order of the Appellate Division should be affirmed.

PIGOTT, J. (dissenting). A defendant seeking to show ineffective assistance of counsel, under the United States Constitution, with respect to his guilty plea, must demonstrate "a *reasonable probability* that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" (*Premo v Moore*, 562 US —, —, 131 S Ct 733, 743 [2011] [emphasis added], quoting *Hill v Lockhart*, 474 US 52, 59 [1985]). While the majority correctly notes that *Padilla v Kentucky* (559 US 356 [2010]) does not set out a new standard for prejudice (*see id.* at 366), *Padilla* clearly recognizes the importance of considering whether "a decision to reject the plea bargain would have been rational" (*id.* at 372), when determining whether such a "reasonable probability" was shown. The reasonable probability standard is inextricably linked with an assessment of rationality because it may be assumed that there is no reasonable probability that a defendant will make an irrational choice.

If a defendant who is not a United States citizen "has significant ties to his or her country of origin, or has only resided in the United States for a relatively brief period of time, or has no family here, a decision to proceed to trial in lieu of a favorable plea agreement may be irrational in the face of overwhelming evidence of guilt and a potentially lengthy prison sentence" (*People v Picca*, 97 AD3d 170, 183-184 [2d Dept 2012]). Hernandez, by contrast, has lived in the United States since 1994, has been a legal permanent resident here since 1997, and was the primary caretaker of his six children, all of whom live in the United States, as does his sister. Moreover, the evidence of his guilt was far from overwhelming. As Justice Freedman noted in her dissent at the Appellate Division,

> "Celeste Hernandez, the complainant, was the People's main witness, and the outcome of the case would largely have depended on the jury's evaluation

---

* Because defendant's failure to show prejudice under *Strickland* suffices to dispose of his appeal, we decline to consider whether, as the People contend, the courts below erroneously found counsel's advice to be constitutionally deficient under the performance prong of the *Strickland* analysis. Likewise, we do not express any opinion on defendant's assertion that the People are prevented from challenging the lower courts' assessment of counsel's performance by our decisions in *People v Concepcion* (17 NY3d 192 [2011]) and *People v LaFontaine* (92 NY2d 470, 474 [1998]).

of the complainant's and defendant's credibility. Virginia Hernandez, defendant's wife, was listed on the People's witness list, but she did not observe the incident leading to the charges. Defendant's eight-year-old daughter, who was sleeping on the couch next to Celeste during the incident, was also listed as a witness, but the substance of her testimony was uncertain, as was the weight that a jury would accord to it. There was no corroborating physical evidence" (98 AD3d 449, 457 [1st Dept 2012, Freedman, J., dissenting]).

In my view, and for all the reasons set out in the well-reasoned Appellate Division dissent (see id. at 451-458), there is no record support for the lower courts' rejection of defendant's claim that he would have gone to trial and not pleaded guilty had he been warned of the deportation consequences of his plea.

I would vacate Hernandez's guilty plea. Accordingly, I dissent.

Judges GRAFFEO, READ, SMITH, RIVERA and ABDUS-SALAAM concur; Judge PIGOTT dissents in an opinion in which Chief Judge LIPPMAN concurs.

Order affirmed, in a memorandum.