People v Irby (2018 NY Slip Op 00639)





People v Irby


2018 NY Slip Op 00639


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


1 KA 16-00486

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL A. IRBY, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






RAYMOND P. KOT, II, WILLIAMSVILLE, FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered July 1, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In each of these appeals, defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). As a preliminary matter, we note that it is unnecessary to review defendant's challenge in each appeal to his waiver of the right to appeal inasmuch as none of the issues he raises would be foreclosed from review by a valid waiver of the right to appeal (see People v Cooper, 34 AD3d 827, 827 [2d Dept 2006]).
Defendant contends in each appeal that his guilty plea was not knowingly, voluntarily, and intelligently entered because, at the time of each plea, County Court did not advise him that he would be sentenced as a second felony offender and did not advise him of his Boykin rights. Defendant failed to preserve for our review his contention in either appeal inasmuch as he did not move to withdraw either plea or to vacate either judgment of conviction (see People v Metayeo, 155 AD3d 1239, 1241 [3d Dept 2017]; People v Kopy, 54 AD3d 441, 441 [3d Dept 2008]; see also People v Conceicao, 26 NY3d 375, 382 [2015]; People v Hampton, 142 AD3d 1305, 1306 [4th Dept 2016], lv denied 28 NY3d 1124 [2016]).
In addition, to the extent that defendant contends in each appeal that "certain conversations and interactions with defense counsel gave rise to ineffective assistance of counsel and also established that [each] plea was involuntary, such contentions are based on matters outside the record and must therefore be raised by way of a motion pursuant to CPL article 440' " (People v Dale, 142 AD3d 1287, 1290 [4th Dept 2016], lv denied 28 NY3d 1144 [2017]; see People v Cook, 46 AD3d 1427, 1428 [4th Dept 2007], lv denied 10 NY3d 809 [2007]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court