People v Rosario (2018 NY Slip Op 04114)





People v Rosario


2018 NY Slip Op 04114


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Renwick, J.P., Richter, Webber, Kern, Moulton, JJ.


6832 1640/97

[*1]The People of the State of New York, Respondent,
v
Juan Paulino Rosario, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Harold V. Ferguson, Jr. of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Patrick J. Hynes of counsel), for respondent.



Order, Supreme Court, New York County (Robert M. Mandelbaum, J.), entered May 26, 2016, which, after a hearing, denied defendant's CPL 440.10 motion to vacate a judgment of conviction rendered January 13, 1998, unanimously reversed, on the law, the motion granted, the judgment vacated, and the matter remanded for further proceedings.
Defendant sufficiently demonstrated that his attorney rendered ineffective assistance by providing erroneous and prejudicial advice about the immigration consequences of his guilty plea (see People v McDonald, 1 NY3d 109, 114-115 [2003]). Defendant pleaded guilty to a felony relating to the sale of drugs in return for a promised sentence of five years' probation with a certificate of relief from civil disabilities. The record establishes that defense counsel advised defendant that even though this type of conviction would be likely to result in deportation, the certificate of relief would protect him from that consequence. Counsel's advice about the effect of the certificate was clearly erroneous because defendant's conviction was a deportable offense, from which a certificate of relief provides no shield. The plea and sentencing minutes, including statements made by counsel, corroborate defendant's claim that he was misadvised about the certificate.
Defendant has demonstrated a reasonable probability that he would not have pleaded guilty and would have gone to trial had he known that the plea would have rendered him deportable despite the certificate (see People v Hernandez, 22 NY3d 972, 975 [2013]). Statements he made during the plea proceeding and the hearing support his claims that he pled guilty because the plea offer involved no jail time and because he was misled as to the
immigration consequences.
In light of this determination we find it unnecessary to address any other issues.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK