People v Ghingoree (2018 NY Slip Op 07748)





People v Ghingoree


2018 NY Slip Op 07748


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2014-11216
 (Ind. No. 2615/12)

[*1]The People of the State of New York, respondent,
v
Eddie . Ghingoree, appellant.


Robert C. Mitchell, Riverhead, NY (Alfred J. Cicale of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Grazia DiVincenzo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John J. Toomey, J.), rendered November 7, 2014, convicting him of criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence. By decision and order dated May 20, 2017, this Court remitted the matter to the County Court, Suffolk County, for further proceedings on the defendant's motion to withdraw his plea of guilty and, thereafter, a report limited to its findings with respect to the motion and whether the defendant established his entitlement to the withdrawal of his plea, and the appeal was held in abeyance in the interim (see People v Ghingoree, 150 AD3d 881). The County Court, Suffolk County, has filed its report. Justice Mastro has been substituted for former Justice Hall (see 22 NYCRR former 670.1[c]).
ORDERED that the judgment is reversed, on the law, the defendant's motion to withdraw his plea of guilty is granted, the plea of guilty is vacated, and the matter is remitted to the County Court, Suffolk County, for further proceedings.
The defendant, a noncitizen, pleaded guilty to criminal possession of a controlled substance in the seventh degree, a class A misdemeanor, in exchange for a promised sentence of one year of imprisonment. When the court asked the defendant, during the plea proceeding, whether counsel had explained that he would be deported as a result of the instant plea, counsel interrupted before the defendant could answer, stating that the defendant was already the subject of deportation proceedings as a result of a prior deportable offense.
Shortly after the plea was entered, the defendant wrote to the court indicating that he would move to withdraw his plea, inter alia, because counsel had failed to inform him of the immigration consequences of the plea. Prior to sentencing, the defendant's counsel moved to withdraw, citing "an irreparable relationship." In an accompanying affirmation, counsel stated that he had explained to the defendant that the impact of the instant plea "was moot because the defendant was already in proceedings with the United States Department of Homeland Security . . . based on a prior conviction for criminal possession of drug paraphernalia." Significantly, counsel's affirmation also revealed that the defendant's immigration situation was, in fact, rather complex. Indeed, the immigration case with respect to the defendant's prior conviction had been terminated in his favor, but counsel believed that a pending motion to reargue made by federal authorities would [*2]be granted, thereby rendering the consequences of the instant plea "immaterial." The defendant, by contrast, was convinced that the pending immigration proceeding would ultimately be resolved in his favor, and was adamant about not wanting the instant plea to provide a separate basis to remove him from the United States.
The defendant, through his new counsel, subsequently made a timely motion to withdraw his plea, which was summarily denied by the County Court. Upon remittal from this Court, the County Court held a proceeding pursuant to People v Tinsley (35 NY2d 926) and, upon questioning the defendant, determined that he had not received effective assistance of counsel at the time of the plea. We discern no basis in the record to disturb the County Court's findings in this regard.
In order for the defendant to obtain vacatur of his plea of guilty based on Padilla v Kentucky (559 US 356), he must establish that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial (see People v Hernandez, 22 NY3d 972, 975; People v Loaiza, 158 AD3d 775, 776-777). Although the County Court did not specifically address this question in its report, the record is sufficient for us to conclude that, but for counsel's errors, there is a reasonable probability that the defendant—who has lived in the United States since the age of four and has significant family ties here, including a wife and three children, as well as parents and siblings—would not have pleaded guilty (see People v Loaiza, 158 AD3d at 777).
Accordingly, we reverse the judgment of conviction, grant the defendant's motion to withdraw his plea of guilty, vacate the plea of guilty, and remit the matter to the County Court, Suffolk County, for further proceedings.
MASTRO, J.P., CHAMBERS, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court