People v Santiago (2018 NY Slip Op 07858)





People v Santiago


2018 NY Slip Op 07858


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1095 KA 15-01597

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL SANTIAGO, DEFENDANT-APPELLANT. 






FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (DAVID A. COOKE OF COUNSEL), FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered January 20, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal sexual act in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal sexual act in the first degree (Penal Law
§ 130.50 [4]), defendant contends that the waiver of the right to appeal is invalid. We reject that contention and conclude that defendant validly waived his right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]). Although the valid waiver of the right to appeal forecloses our review of defendant's contentions that the sentence is unduly harsh and severe and constitutes cruel and unusual punishment (see People v Marshall, 144 AD3d 1544, 1545 [4th Dept 2016]), it "does not encompass [defendant's] contention that the plea was not knowingly, intelligently or voluntarily entered" (People v Williams, 91 AD3d 1299, 1299 [4th Dept 2012]). We thus address the merits of that contention.
Defendant contends that the plea was not knowingly, intelligently or voluntarily entered because of "his confusion concerning the ramifications of his guilty plea." That contention is preserved for our review by defendant's pro se oral motion to withdraw the plea (see CPL 220.60 [3]; People v Gravino, 62 AD3d 1259, 1259 [4th Dept 2009], affd 14 NY3d 546 [2010]), which was directed to the same issue that is raised on appeal (cf. People v Gibson, 140 AD3d 1786, 1787 [4th Dept 2016], lv denied 28 NY3d 1072 [2016]; People v Johnson, 128 AD3d 1539, 1539 [4th Dept 2015], lv denied 25 NY3d 1203 [2015]). We conclude, however, that the contention lacks merit. At the time of the plea, the court "expressly reviewed the terms of the plea agreement, including the agreed-upon sentence, [and] confirmed that defendant agreed to such terms" (People v Miles, 138 AD3d 1350, 1350 [3d Dept 2016], lv denied 28 NY3d 934 [2016]). Thus, "the record . . . belies defendant's contention that the plea was not voluntary or intelligent because there was confusion regarding the appropriate sentence, inasmuch as the record reflects that defendant was aware of the sentence to be imposed' " (People v Brown, 162 AD3d 1568, 1569 [4th Dept 2018], lv denied 32 NY3d 935 [2018]).
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court