People v Ubanwa (2025 NY Slip Op 05361)

People v Ubanwa

2025 NY Slip Op 05361

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

640 KA 23-01282

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RICHARD I. UBANWA, DEFENDANT-APPELLANT. 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
ANTHONY J. DIMARTINO, JR., DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oswego County Court (Karen M. Brandt Brown, J.), rendered January 24, 2023. The judgment convicted defendant, upon his plea of guilty, of attempted rape in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment that convicted him, upon his guilty plea, of attempted rape in the third degree (Penal Law §§ 110.00, former 130.25 [2]). We affirm.
On appeal, defendant contends that he received ineffective assistance of counsel, which infected the plea bargaining process. Even assuming, arguendo, that defendant validly waived his right to appeal, we note that defendant's contentions on appeal would survive even a valid waiver (see generally People v Rausch, 126 AD3d 1535, 1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016]).
"A claim of ineffective assistance of counsel survives a plea of guilty only if the plea bargaining process was infected by [the] allegedly ineffective assistance or [if] defendant entered the plea because of [defense counsel's] allegedly poor performance" (People v Johnson, 229 AD3d 1300, 1302 [4th Dept 2024], lv denied 42 NY3d 1020 [2024] [internal quotation marks omitted]; see People v Judd, 111 AD3d 1421, 1422-1423 [4th Dept 2013], lv denied 23 NY3d 1039 [2014]). A " 'defendant has been afforded meaningful representation when he or she received an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of [defense] counsel' " (People v Dale, 142 AD3d 1287, 1290 [4th Dept 2016], lv denied 28 NY3d 1144 [2017]). To prevail on an ineffective assistance of counsel claim "[i]n the plea context, the defendant 'must show that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial' " (People v Hernandez, 22 NY3d 972, 975 [2013], cert denied 572 US 1070 [2014], quoting Hill v Lockhart, 474 US 52, 59 [1985]; see generally Strickland v Washington, 466 US 668, 694-695 [1984]).
When advising a defendant of the immigration consequences of their guilty plea, "counsel 'must advise [their] client regarding the risk of deportation,' but . . . counsel's duty 'is more limited' where the 'deportation consequences of a particular plea are unclear or uncertain' " (Hernandez, 22 NY3d at 975, quoting Padilla v Kentucky, 559 US 356, 367-369 [2010]). Thus, "[w]hen the law is not succinct and straightforward . . . , a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear, . . . the duty to give correct advice is equally clear" (Padilla, 559 US at 369).
The record reflects that defense counsel advised defendant of a risk of adverse [*2]immigration consequences and repeatedly facilitated defendant's efforts to obtain advice from defendant's separate immigration counsel, which was ultimately used as a basis for the terms of the plea agreement. While defendant stated during the plea colloquy that he "couldn't fully talk to" his immigration counsel, he also stated during the colloquy that County Court provided him time to do so, and that he did, in fact, speak to immigration counsel about how the proposed plea and sentence would affect his immigration status. Defendant has not shown that a deportation consequence was truly clear, nor that his counsel failed to give him correct advice. Furthermore, defendant expressly advised that he did not wish to proceed to trial and wished to accept the People's plea offer. Under these circumstances, defendant has not shown that there is a reasonable probability that, but for defense counsel's alleged errors, defendant would not have pleaded guilty and would have insisted on going to trial (see Hernandez, 22 NY3d at 975). Similarly, on this record, we reject defendant's contention that defense counsel's alleged ineffectiveness infected the plea process and rendered defendant's guilty plea involuntary (see generally Judd, 111 AD3d at 1423).
To the extent that defendant contends that he was misadvised regarding the potential immigration or deportation consequences of his plea and subsequent Sex Offender Registration Act (Correction Law § 168 et seq.) designation, that contention is based on matters outside the record and must therefore be raised by means of a CPL article 440 motion (see People v Irby, 158 AD3d 1050, 1051 [4th Dept 2018], lv denied 31 NY3d 1014 [2018]; People v Cook, 46 AD3d 1427, 1428 [4th Dept 2007], lv denied 10 NY3d 809 [2008]). We have reviewed defendant's remaining contention and conclude that it does not warrant modification or reversal of the judgment.
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court