People v Kuhn (2025 NY Slip Op 05600)

People v Kuhn

2025 NY Slip Op 05600

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND HANNAH, JJ.

722 KA 24-01046

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
COREY W. KUHN, DEFENDANT-APPELLANT. 

ROSEMARIE RICHARDS, SOUTH NEW BERLIN, FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Steuben County Court (Chauncey J. Watches, J.), rendered April 15, 2024. The judgment convicted defendant, upon his plea of guilty, of rape in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by striking special conditions 23 and 24 as conditions of probation, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of rape in the third degree (Penal Law former § 130.25 [2]). Defendant failed to preserve for our review his contention concerning County Court's failure to advise him that he was subject to registration and a risk-level determination under the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.; see People v Jackson, 26 AD3d 781, 782 [4th Dept 2006], lv denied 6 NY3d 849 [2006]; People v Ginter, 23 AD3d 1064, 1065 [4th Dept 2005], lv denied 6 NY3d 776 [2006]). To the extent that defendant contends that defense counsel was ineffective for failing to advise him of the SORA-related consequences of his plea, that contention concerns matters outside the record and thus must be raised in a motion pursuant to CPL 440.10 (see People v Gravino, 62 AD3d 1259, 1259 [4th Dept 2009], affd 14 NY3d 546 [2010]; People v Keane, 221 AD3d 1586, 1588-1589 [4th Dept 2023]).
Defendant next contends that certain conditions of his probation are not authorized by Penal Law § 65.10. Contrary to the People's assertion, we conclude that defendant's contention does not require preservation inasmuch as his challenges to the conditions in question implicate the legality of the sentence (see People v King, 151 AD3d 1651, 1652 [4th Dept 2017], lv denied 30 NY3d 951 [2017]; see generally People v Letterlough, 86 NY2d 259, 263 n 1 [1995]). We agree with defendant that the special condition requiring that he "not purchase, possess, or indulge in the use of alcohol or any products that contain alcohol" is not enforceable and must be stricken because it is not related to the probationary goal of rehabilitation (see People v Saraceni, 153 AD3d 1559, 1560 [4th Dept 2017], lv denied 30 NY3d 913 [2018]; People v Mead, 133 AD3d 1257, 1258 [4th Dept 2015]). For similar reasons, we agree with defendant that the special condition requiring him to "[s]ubmit to any test designed to detect the use of alcohol and/or drugs" is also not enforceable and must be stricken (see Saraceni, 153 AD3d at 1560).
We conclude, however, that the special condition requiring that defendant "not associate with any drug users, drug sellers or convicted criminals unless granted prior permission by [his] supervising Probation Officer" is a lawful condition of probation concerning association (see generally Penal Law § 65.10 [2] [b]).
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court