■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL REMELT, Appellant. [704 NYS2d 424] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant was convicted of two counts of murder in the second degree (Penal Law § 125.25 [1]) for killing his parents. We reject his contention that Supreme Court erred in determining that defendant failed to establish a prima facie case of discrimination with respect to the prosecutor's use of the first 11 peremptory challenges against women. The objection was raised when the selection process for the second panel of jurors was completed. Twenty of the first 28 venire people were women; several women were not challenged by the prosecutor; and at the conclusion of the selection process of the second panel, two of the three jurors were women. Therefore, defendant failed to

show that the facts created an inference of discrimination (*see, People v Childress,* 81 NY2d 263, 266). With respect to the 12th peremptory challenge, the court properly determined that the prosecutor's explanation was gender-neutral and did not violate defendant's right to equal protection. (*see, People v Allen,* 86 NY2d 101, 109-110).

Defendant further contends that the court erred in precluding expert opinion testimony that defendant was acting under the influence of extreme emotional distress at the time of the murders. There is no indication in the record that the court erroneously believed that it lacked discretion to permit the opinion testimony (*cf., People v Cronin,* 60 NY2d 430, 433). We conclude that the court properly exercised its discretion with respect to the admissibility and bounds of the testimony (*see, People v Cronin, supra,* at 433).

Contrary to defendant's contention, the court's charge with respect to the defense of mental disease or defect, when viewed as a whole, "adequately conveyed to the jury the appropriate standard[ ]" (*People v Adams,* 69 NY2d 805, 806). The phrase in the court's hypothetical example to which defendant objects cannot be read "alone and in a vacuum" (*People v Fields,* 87 NY2d 821, 823; *see also, People v Williams,* 234 AD2d 912, 913, *lv denied* 89 NY2d 1042). The court properly conveyed to the jury that defendant must prove that, at the time of the murders, he lacked substantial capacity to know or appreciate that killing his parents was wrong (*see,* Penal Law § 40.15 [2]).

Defendant was sentenced to serve 25 years to life on each count. The court directed that the sentences be served concurrently and remanded defendant to the Department of Correction. Two days later, while defendant was still at the Monroe County Jail, the court called the case to "clarify" the sentence. At that time, the court indicated that it had erroneously sentenced defendant to serve his terms of incarceration concurrently, and directed that the sentences be served consecutively. We conclude that defendant's sentence of imprisonment had commenced (*see,* Penal Law § 70.30 [1]) because the Department of Correction arranged with the County of Monroe to house defendant due to overcrowding within the Department of Correction (*cf., People v Baghai-Kermani,* 221 AD2d 219, 220). Thus, we conclude that the court erred in modifying the sentences after the sentence of imprisonment had commenced (*see,* CPL 430.10; Penal Law § 70.30 [1]), and we therefore modify the judgment by directing that the sentences shall run concurrently. Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Monroe

County, Mark, J.—Murder, 2nd Degree.) Present—Green, A. P. J., Hurlbutt, Scudder and Lawton, JJ.