■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MASON, Appellant. [722 NYS2d 840] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of assault in the first degree (Penal Law § 120.10 [1]). Defendant contends that Supreme Court erred in allowing a witness to testify to a conversation that she overheard. The witness testified that the conversation was between her neighbor and a man she believed to be defendant, but she was unable to identify defendant's voice. Contrary to defendant's contention, the court properly allowed the testimony. The identity of a party to a conversation may be established by circumstantial evidence (*see, People v Lynes,* 49 NY2d 286, 291-292; *see also, People v Shapiro,* 227 AD2d 506, 507, *lv denied* 88 NY2d 1024). Here, the witness testified that she knows defendant, observed the car that he drives parked in front of her neighbor's house, and, immediately after the conversation ended, observed defendant leave her neighbor's house and drive away. Those circumstances provide sufficient "indices of reliability" (*People v Lynes, supra,* at 291-292) to allow the jury to determine whether defendant was the other party to the conversation.

The court properly allowed the emergency room physician to testify concerning the type of force necessary to cause the victim's injuries because it involved a matter that is not within the ken of the average juror (*see, People v Eberle,* 265 AD2d 881, 882). The admissibility of expert testimony, even when it concerns an ultimate issue to be determined by the jury, is within the sound discretion of the trial court (*see, People v Miller,* 91 NY2d 372, 379; *People v Cronin,* 60 NY2d 430, 433).

The conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J.—Assault, 1st Degree.) Present: Pigott, Jr., P. J., Green, Pine, Hurlbutt and Burns, JJ.