THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RILEY, Appellant. [780 NYS2d 261]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered December 18, 2000. The appeal was held by this Court by order entered March 21, 2003, the decision was reserved and the matter was remitted to the Monroe County Court for further proceedings in accordance with a memorandum (303 AD2d 1045 [2003]). The proceedings were held and completed.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by providing that the amount of restitution to be paid by defendant is $9,957 and as modified the judgment is affirmed.

Memorandum: We previously held this case, reserved decision and remitted the matter to County Court to conduct a *Huntley* hearing on defendant's motion seeking suppression of state-

ments made by defendant to his employer and two police officers (*People v Riley,* 303 AD2d 1045 [2003]). We conclude that defendant's suppression motion was properly denied, for the reasons stated in the decision at County Court. Defendant was in a room in the back of the store where he was employed when he admitted that he had taken merchandise from the store and, as the court properly determined, he was not in custody when he made the statements (*see generally People v Yukl,* 25 NY2d 585, 589 [1969], *rearg denied* 26 NY2d 845 [1970], *cert denied* 400 US 851 [1970]).

Defendant further contends that the court erred in denying his *Batson* challenge without requiring the People to come forward with a nonpretextual reason for excusing female prospective jurors in the first round of jury selection (*see generally People v Allen,* 86 NY2d 101, 104 [1995]). Even assuming, arguendo, that defendant preserved his contention for our review, we conclude that the court properly denied the challenge because defendant failed to establish a prima facie case of discrimination (*see People v Remelt,* 269 AD2d 815, 815-816 [2000], *lv denied* 95 NY2d 870 [2000]).

By failing to request a hearing on the issue of restitution or objecting to the amount of restitution ordered, defendant failed to preserve for our review his contention that the amount is not supported by the record (*see People v Horne,* 97 NY2d 404, 414 n 3 [2002]; *People v Lovett,* 8 AD3d 1007 [2004]). Nevertheless, the People concede herein that the court erred in its calculations. Under the circumstances of this case, we reach defendant's contention as a matter of discretion in the interest of justice and modify the judgment by providing that the amount of restitution to be paid by defendant is $9,957. Finally, defendant failed to preserve for our review his contention that the imposition of alcohol-related conditions of probation imposed at sentencing violated his right to due process (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Pine, J.P., Scudder, Kehoe, Lawton and Hayes, JJ.