■ The People of the State of New York, Respondent, v Kristine Lawhorn, Appellant. [782 NYS2d 234]—

Appeal from a judgment of the Monroe County Court (Phillip B. Dattilo, Jr., J.), rendered September 30, 1998. The judgment convicted defendant, after a jury trial, of insurance fraud in the third degree and grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment entered upon a jury verdict convicting her of insurance fraud in the third degree (Penal Law § 176.20) and grand larceny in the third degree (§ 155.35). We reject defendant's contention that reversal is required based on the inability of appellate counsel to obtain the original trial exhibits. Defendant has copies of those exhibits and does not dispute the accuracy thereof (*see People v Yavru-Sakuk,* 98 NY2d 56, 59-60 [2002]). Thus, there is no support for her contention that appellate counsel's representation has been adversely affected by the failure to obtain the original trial exhibits. Furthermore, we reject defendant's

contentions that County Court erred in admitting in evidence certain business records of the insurance company (*see* CPLR 4518 [a]) as well as testimony concerning telephone calls to the claims adjuster for the insurance company made by a person who identified herself as defendant (*see People v Lynes*, 49 NY2d 286, 291-292 [1980]; *People v Mason*, 281 AD2d 893 [2001], *lv denied* 96 NY2d 904 [2001]). Defendant's additional contention regarding the amount of restitution ordered is not preserved for our review (*see People v Horne*, 97 NY2d 404, 414 n 3 [2002]; *People v Riley*, 9 AD3d 902, 903 [2004]; *People v Lovett*, 8 AD3d 1007 [2004]). Present—Pigott, Jr., P.J., Green, Pine and Hurlbutt, JJ.