# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1206

KA 14-00228

PRESENT: SCUDDER, P.J., SMITH, CENTRA, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DONALD E. MEAD, JR., DEFENDANT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered December 4, 2013. The judgment convicted defendant, upon his *Alford* plea, of attempted assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by striking as a condition of probation the requirement that defendant consent to the waiver of his Fourth Amendment right protecting him from a search of his home and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his *Alford* plea of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [2]). Contrary to defendant's contention, his waiver of the right to appeal was knowing, voluntary and intelligent (*see People v Bradshaw*, 18 NY3d 257, 264-265), and that waiver encompasses his challenge to the length of the term of probation imposed (*see People v Lopez*, 6 NY3d 248, 256). To the extent that the written waiver of the right to appeal included nonwaivable rights, those rights are "excluded from the scope of the waiver [and] the remainder of the waiver is valid and enforceable" (*People v Williams*, ___ AD3d ___, ___ [Oct. 2, 2015] [internal quotation marks omitted]).

We agree with defendant, however, that the waiver of the right to appeal does not encompass his challenge to the condition of probation that required him to sign a consent to waive his Fourth Amendment right protecting him from a search of his home on the ground that it is related to defendant's "drug/alcohol abuse," inasmuch as that condition was not part of the plea agreement (*see generally People v Leiser*, 124 AD3d 1349, 1350). We also agree with defendant that the condition does not relate to "the probationary goal of rehabilitation" and thus is not enforceable on that ground (*People v Hale*, 93 NY2d 454, 460; *cf. People v Schunk*, 269 AD2d 857, 857). Indeed, the

presentence report indicated that the 51-year-old defendant, a first-time offender, does not have a history of drug or alcohol abuse and that he was not under the influence of drugs or alcohol at the time of the offense.  It is well established that "a probationer's home is protected by the constitutional requirement that searches be reasonable . . . [A] probationer loses some privacy expectations and some part of the protections of the Fourth Amendment, but not all of both" (*Hale*, 93 NY2d at 459).  We therefore modify the judgment by striking as a condition of probation the requirement that defendant consent to the waiver of his Fourth Amendment right protecting him from a search of his home.