# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**218**
**KA 14-01135**
PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

MICHAEL A. NICOMETO, ALSO KNOWN AS MICHAEL
NICOMETO, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF
COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered January 21, 2014. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20), defendant contends that his waiver of the right to appeal is invalid because it was not knowingly, voluntarily, and intelligently entered. We reject that contention. The record establishes that County Court engaged defendant " 'in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Ripley*, 94 AD3d 1554, 1554, *lv denied* 19 NY3d 976), and that defendant "understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256). Contrary to defendant's further contention, it is well settled that a "waiver of the right to appeal [is] not rendered invalid based on the court's failure to require [the] defendant to articulate the waiver in his [or her] own words" (*People v Dozier*, 59 AD3d 987, 987, *lv denied* 12 NY3d 815). Defendant's valid waiver of the right to appeal forecloses his challenge to the severity of the bargained-for sentence (*see Lopez*, 6 NY3d at 255; *see also People v Vincent*, 114 AD3d 1171, 1171, *lv denied* 23 NY3d 969; *People v Williams*, 49 AD3d 1280, 1280; *see generally People v Lococo*, 92 NY2d 825, 827).

Defendant further contends that the court erred in issuing an order of protection in favor of his former wife as a condition of the sentence. Inasmuch as the "order[] of protection was first disclosed

at sentencing after defendant executed a waiver of appeal at the plea proceedings, [defendant's contention] survives the appeal waiver" (*People v Gardner*, 129 AD3d 1386, 1387; *see also People v DeFazio*, 105 AD3d 1438, 1439, *lv denied* 21 NY3d 1015; *People v Smith*, 83 AD3d 1213, 1214). Nevertheless, we conclude that the contention is without merit (*see generally People v Victor*, 20 AD3d 927, 928, *lv denied* 5 NY3d 833, *reconsideration denied* 5 NY3d 885).

Entered: March 18, 2016

Frances E. Cafarell
Clerk of the Court