# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

194
KA 15-00203
PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JEREMY A. WEATHERBEE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered January 13, 2015. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, as a class E felony, and aggravated unlicensed operation of a motor vehicle in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i] [A]), defendant contends that his waiver of the right to appeal is invalid and does not in any event encompass his challenge to the severity of the sentence. We conclude that " '[t]he written waiver of the right to appeal, together with defendant's responses during the plea proceeding, establish that the waiver was voluntarily, knowingly, and intelligently entered' " (*People v Smith*, 122 AD3d 1420, 1420, *lv denied* 25 NY3d 1172; *see People v Ramos*, 7 NY3d 737, 738). Contrary to defendant's contention, "[a]ny nonwaivable issues purportedly encompassed by the waiver 'are excluded from the scope of the waiver [and] the remainder of the waiver is valid and enforceable' " (*People v Neal*, 56 AD3d 1211, 1211, *lv denied* 12 NY3d 761). Nonetheless, even assuming, arguendo, that defendant's challenge to the severity of his sentence is not encompassed by his valid waiver of the right to appeal (*see e.g. People v Leiser*, 124 AD3d 1349, 1350), we conclude that the sentence is not unduly harsh or severe.

Entered: February 10, 2017                    Frances E. Cafarell
                                              Clerk of the Court