THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. KING, JR., Appellant. [56 NYS3d 398]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered March 27, 2015. The judgment convicted defendant, upon his plea of guilty, of attempted sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted sexual abuse in the first degree (Penal Law §§ 110.00, 130.65 [3]). Contrary to defendant's contention, his waiver of the right to appeal is valid (*see generally People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Daigler*, 148 AD3d 1685, 1686 [2017]). Defendant waived that right "both orally and in writing before pleading guilty, and [County Court] conducted an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v McGrew*, 118 AD3d 1490, 1490-1491 [2014], *lv denied* 23 NY3d 1065 [2014] [internal quotation marks omitted]; *see People v Weatherbee*, 147 AD3d 1526, 1526 [2017]). Moreover, the record establishes that defendant "understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*Lopez*, 6 NY3d at 256; *see People v Nicometo*, 137 AD3d 1619,

1619-1620 [2016]). Although the colloquy and the written waiver contain improperly overbroad language regarding the scope of the rights waived by defendant (*see generally People v Callahan*, 80 NY2d 273, 285 [1992]; *People v Seaberg*, 74 NY2d 1, 9 [1989]), "[a]ny nonwaivable issues purportedly encompassed by the waiver are excluded from the scope of the waiver [and] the remainder of the waiver is valid and enforceable" (*Weatherbee*, 147 AD3d at 1526 [internal quotation marks omitted]; *see People v Henion*, 110 AD3d 1349, 1350 [2013], *lv denied* 22 NY3d 1088 [2014]; *People v Pelaez*, 100 AD3d 803, 804 [2012], *lv denied* 21 NY3d 945 [2013]). Furthermore, although a waiver of the right to appeal does not foreclose review of a court's failure to consider treatment as a youthful offender, defendant's "valid waiver of the right to appeal . . . forecloses appellate review of [the] sentencing court's discretionary decision to deny youthful offender status" to defendant inasmuch as the court considered such status before imposing a sentence (*People v Pacherille*, 25 NY3d 1021, 1024 [2015]).

Defendant also challenges the lawfulness of certain conditions of probation that were imposed by the court at sentencing. Defendant's challenges are not precluded by his waiver of the right to appeal inasmuch as they implicate the legality of the sentence, i.e., the court's authority to impose the conditions, and it is well settled that "even a valid waiver of the right to appeal will not bar . . . challenge[s] to an illegal sentence" (*People v Fishel*, 128 AD3d 15, 17 [2015]; *see Lopez*, 6 NY3d at 255; *Callahan*, 80 NY2d at 280). Moreover, while the People contend that defendant's challenges are not preserved for our review because defendant failed to object to the probation conditions at sentencing, there is a "narrow exception to [the] preservation rule permitting appellate review when a sentence's illegality is readily discernible from the trial record" (*People v Santiago*, 22 NY3d 900, 903 [2013]; *see People v Nieves*, 2 NY3d 310, 315 [2004]; *People v Samms*, 95 NY2d 52, 56 [2000]). "The Court of Appeals has recognized that this 'illegal sentence' exception encompasses a defendant's claims that a probation condition is unlawful because it is not reasonably related to rehabilitation or is outside the authority of the court to impose" (*Fishel*, 128 AD3d at 17-18; *see People v Letterlough*, 86 NY2d 259, 263 n 1 [1995]; *see also Samms*, 95 NY2d at 56; *see generally People v Fuller*, 57 NY2d 152, 156 [1982]). We thus conclude that the narrow exception to the preservation rule applies to defendant's challenges to the probation conditions to the extent that they implicate the legality of his sentence and that any illegality is evident on the face of the record (*see Fishel*, 128 AD3d at 18; *see also Samms*, 95 NY2d at 56).

With respect to the merits, however, we reject defendant's contention that the condition that he sign a consent to waive his Fourth Amendment right protecting him from searches of his person, home, and personal property was unlawfully imposed by the sentencing court. Indeed, that condition was properly "circumscribed to specified types of searches by probation officers acting within the scope of their supervisory duty and in the context of the probationary goal of rehabilitation" (*People v Hale*, 93 NY2d 454, 460 [1999]). Unlike the defendant in *People v Mead* (133 AD3d 1257, 1258 [2015]), the 16-year-old defendant in this case had a history of drug and alcohol abuse beginning at a young age that resulted in, among other things, a referral to a treatment program from which defendant was unsuccessfully discharged. Additionally, the 10-year-old victim of defendant's sexual abuse reported that defendant had exposed her to marihuana. We thus conclude that the consent-to-search condition is tailored to suit defendant and reasonably related to his rehabilitation (*see* Penal Law § 65.10 [2] [l]; *Hale*, 93 NY2d at 461). The condition is also "reasonably necessary to insure that the defendant will lead a law-abiding life" (§ 65.10 [1]), and is necessary to prevent his future incarceration (*see* § 65.10 [5]). For the same reasons, defendant's challenge to the probation condition requiring that he abstain from the use or possession of alcoholic beverages is without merit.

Contrary to defendant's further contention, the probation condition prohibiting him from using the internet to access any commercial social networking website is one of the mandatory conditions expressly required by statute where, as here, the court imposes a sentence of probation for an offense requiring registration as a sex offender and the victim was under 18 years old at the time of the offense (*see* Penal Law § 65.10 [4-a] [b]).

We reject defendant's challenge to the probation condition prohibiting him from possessing "a cellular phone with photograph/video capabilities." In light of defendant's sexual abuse of a 10-year-old victim, along with the evidence that defendant had exposed the victim to pornographic video and magazine images and the fact that a cellular phone with a camera is readily capable of being used to create such images of oneself or others and distribute them to other persons, we conclude that the subject prohibition relates to defendant's rehabilitation, would assist in preventing his incarceration, and is, in general, reasonably necessary to assist defendant in leading a law-abiding life (*see* Penal Law § 65.10 [1], [2] [l]; [5]).

Contrary to defendant's further contention, inasmuch as there is evidence in the record that he showed the victim pornographic images, the probation conditions prohibiting his possession of pornographic or sexually stimulating materials were properly " 'tailored in relation to the offense[ ], and were reasonably related to defendant's rehabilitation' " (*People v Franco*, 69 AD3d 981, 983 [2010], quoting *Hale*, 93 NY2d at 462; *see generally People v Wheeler*, 99 AD3d 1168, 1170 [2012], *lv denied* 20 NY3d 989 [2012]).

Defendant's contention that the pornography-related probation conditions are unconstitutional is not preserved for our review inasmuch as he failed to object to those conditions at sentencing, and thus "the sentencing court was never given an opportunity to address any of the constitutional challenges that defendant now lodges with this Court" (*People v Pena*, 28 NY3d 727, 730 [2017]; *see* CPL 470.05 [2]). Moreover, the narrow exception to the preservation rule is not applicable here (*see Pena*, 28 NY3d at 730). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]; *People v Rawson*, 125 AD3d 1323, 1324 [2015], *lv denied* 26 NY3d 934 [2015]; *People v Riley*, 9 AD3d 902, 903 [2004], *lv denied* 3 NY3d 741 [2004]). Present—Whalen, P.J., Smith, Centra, Peradotto and Scudder, JJ.