■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH A. SARACENI, JR., Appellant. (Appeal No. 1.) [61 NYS3d 748]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered February 5, 2015. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by striking as a condition of probation the requirement that defendant consent to the waiver of his Fourth Amendment right protecting him from unreasonable searches and seizures of his person, home, and personal property and to submit to chemical tests of his breath, blood or urine, and by striking special condition nine as a condition of probation, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [1]). We reject defendant's contention that County Court erred in failing to state its reasons for denying youthful offender status (*see People v Minemier*, 29 NY3d 414, 419-421 [2017]). The valid waiver of the right to appeal forecloses defendant's challenge to the court's discretionary determination to deny youthful offender status (*see People v Pacherille*, 25 NY3d 1021, 1024 [2015]; *People v Daigler*, 148 AD3d 1685, 1686 [2017]; *People v Bailey*, 137 AD3d 1620, 1621 [2016], *lv denied* 27 NY3d 1128 [2016]). Contrary to defend-

ant's contention, the court was not required to explain that the waiver of the right to appeal would specifically encompass the court's discretionary determination on youthful offender status (*see generally People v Kemp*, 94 NY2d 831, 833 [1999]). We decline to exercise our interest of justice jurisdiction to adjudicate defendant a youthful offender (*see People v Agee*, 140 AD3d 1704, 1704-1705 [2016], *lv denied* 28 NY3d 925 [2016]).

Defendant next contends that various conditions of his probation are not authorized by Penal Law § 65.10. We agree with defendant that his contention is not precluded by the waiver of the right to appeal and does not require preservation inasmuch as his challenges to those conditions implicate the legality of the sentence (*see People v King*, 151 AD3d 1651, 1652 [2017]; *see generally People v Letterlough*, 86 NY2d 259, 263 n 1 [1995]). We agree with defendant that the document he signed requiring him to consent to waive his Fourth Amendment right protecting him from unreasonable searches and seizures of his person, home, and personal property, and to submit to chemical tests of his breath, blood, or urine, is not enforceable because it was not related to the probationary goal of rehabilitation (*see People v Mead*, 133 AD3d 1257, 1258 [2015]). The waiver and consent to search was ostensibly based on defendant's acknowledgment that his criminal behavior was related to drug/alcohol abuse, but in fact there was no evidence that defendant was under the influence of alcohol or drugs when he committed the offense or had a history of drug or alcohol abuse (*see id.; cf. King*, 151 AD3d at 1653). For similar reasons, we agree with defendant that special condition nine of the conditions of probation, which required him to abstain from the use or possession of alcoholic beverages and to submit to appropriate alcohol testing, is also not enforceable and must be stricken.

Contrary to defendant's contention, special condition four of the conditions of probation is taken verbatim from Penal Law § 65.10 (2) (b) and is therefore a lawful condition of probation. Likewise, special conditions 17, 18, and 21 are lawful conditions of probation pursuant to section 65.10 (4-a) (b). Defendant's remaining challenges to the legality of certain other conditions of probation are without merit. Finally, defendant's constitutional challenges to certain conditions of probation are not preserved for our review (*see King*, 151 AD3d at 1654; *People v Rawson*, 125 AD3d 1323, 1324 [2015], *lv denied* 26 NY3d 934 [2015]; *see generally People v Pena*, 28 NY3d 727, 730 [2017]), and we decline to exercise our power to review those challenges as a matter of discretion in the interest of

justice (*see* CPL 470.15 [3] [c]). Present—Whalen, P.J., Smith, Centra, Peradotto and Carni, JJ.