People v Castaneda (2019 NY Slip Op 04860)





People v Castaneda


2019 NY Slip Op 04860


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1472 KA 17-00045

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID L. CASTANEDA, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Michael F. Pietruszka, A.J.), rendered December 13, 2016. The judgment convicted defendant, upon his plea of guilty, of unlawful surveillance in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by adding to the end of special condition of probation No. 16 the phrase, "except in connection with education, lawful employment or search for lawful employment," and as modified the judgment is affirmed.
Memorandum: These consolidated appeals arise from an incident in which defendant used his cell phone to observe a woman while she was sitting in a bathroom stall. Defendant appeals, in appeal No. 1, from a judgment convicting him upon his plea of guilty of unlawful surveillance in the second degree (Penal Law § 250.45 [2]). In appeal No. 2, he appeals from an order adjudicating him a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law
§ 168 et seq.).
In appeal No. 1, defendant contends that his waiver of the right to appeal is invalid. We reject that contention. County Court "expressly ascertained from defendant that, as a condition of the plea, he was agreeing to waive his right to appeal, and the court did not conflate that right with those automatically forfeited by a guilty plea" (People v Thompson, 83 AD3d 1535, 1535 [4th Dept 2011] [internal quotation marks omitted]; see People v Rush, 94 AD3d 1449, 1449 [4th Dept 2012], lv denied 19 NY3d 967 [2012]; People v Harris, 77 AD3d 1326, 1326 [4th Dept 2010], lv denied 16 NY3d 743 [2011]). Although we agree with defendant that the written waiver of the right to appeal contains improperly overbroad language concerning the rights that he waived, "[a]ny nonwaivable issues purportedly encompassed by the waiver are excluded from the scope of the waiver [and] the remainder of the waiver is valid and enforceable" (People v Weatherbee, 147 AD3d 1526, 1526 [4th Dept 2017], lv denied 29 NY3d 1038 [2017] [internal quotation marks omitted]; see People v King, 151 AD3d 1651, 1652 [4th Dept 2017], lv denied 30 NY3d 951 [2017]). Defendant's valid waiver of the right to appeal forecloses review of his request that we exercise our interest of justice jurisdiction to adjudicate him a youthful offender (see People v Torres, 110 AD3d 1119, 1119 [3d Dept 2013], lv denied 22 NY3d 1044 [2013]; see also People v Pacherille, 25 NY3d 1021, 1024 [2015]; see generally People v Lopez, 6 NY3d 248, 255 [2006]).
Defendant further contends in appeal No. 1 that the court imposed several unlawful conditions of probation. Initially, we note that defendant's contentions are not encompassed by the valid waiver of the right to appeal because they are based on challenges to the legality of the sentence (see King, 151 AD3d at 1652; People v Fishel, 128 AD3d 15, 17 [3d Dept 2015]). [*2]Additionally, although defendant failed to preserve those contentions for our review, there is a "narrow exception to [the] preservation rule permitting appellate review when a sentence's illegality is readily discernible from the trial record" (People v Santiago, 22 NY3d 900, 903 [2013]), and that exception encompasses a contention that a "probation condition is unlawful because it is not reasonably related to rehabilitation or is outside the authority of the court to impose" (Fishel, 128 AD3d at 17-18; see King, 151 AD3d at 1652). We conclude that, inasmuch as defendant's challenges to the conditions of probation here "implicate the legality of defendant's sentence and any illegality is evident on the face of the record, those claims are not barred by . . . defendant's failure to preserve them" (Fishel, 128 AD3d at 17-18; see King, 151 AD3d at 1652).
With respect to the merits, the People correctly concede that the court erred in barring defendant from all use of the internet. The statute provides that a sentencing "court may require that the defendant comply with a reasonable limitation on his or her use of the internet . . . provided that the court shall not prohibit such sentenced offender from using the internet in connection with education, lawful employment or search for lawful employment" (Penal Law § 65.10 [5-a]). We therefore modify the judgment by adding to the end of special condition of probation No. 16 the phrase, "except in connection with education, lawful employment or search for lawful employment." We have considered defendant's remaining challenges to the conditions of probation, and we conclude that none warrants further modification or reversal of the judgment (see generally King, 151 AD3d at 1653-1654; People v Wahl, 302 AD2d 976, 976 [4th Dept 2003], lv denied 99 NY2d 659 [2003]).
In appeal No. 2, we reject defendant's contention that the court abused its discretion in granting an upward departure from his presumptive level one risk, which was based on his score on the risk assessment instrument, and classifying him as a level two risk. It is well settled that a SORA "court may make an upward departure from a presumptive risk level when, after consideration of the indicated factors[,] . . . [the court determines that] there exists an aggravating . . . factor of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines" (People v Abraham, 39 AD3d 1208, 1209 [4th Dept 2007] [internal quotation marks omitted]; see People v Diaz, 100 AD3d 1491, 1491 [4th Dept 2012], lv denied 20 NY3d 858 [2013]). The "court's discretionary upward departure [must be] based on clear and convincing evidence of aggravating factors" (People v Sherard, 73 AD3d 537, 537 [1st Dept 2010], lv denied 15 NY3d 707 [2010]; see People v Tidd, 128 AD3d 1537, 1537 [4th Dept 2015], lv denied 25 NY3d 913 [2015]) and, "[i]n determining whether to depart from a presumptive risk level, the hearing court weighs the aggravating or mitigating factors alleged by the departure-requesting party to assess whether, under the totality of the circumstances, a departure is warranted" (People v Howard, 27 NY3d 337, 341 [2016]; see People v Sincerbeaux, 27 NY3d 683, 689-690 [2016]).
Here, defendant had two youthful offender adjudications arising from sexual conduct, which were imposed after this incident but were based on conduct that occurred before it. Those events were "not adequately taken into consideration by the risk assessment guidelines and [were] properly considered as justification for the upward departure" (People v Roberts, 54 AD3d 1106, 1107 [3d Dept 2008], lv denied 11 NY3d 713 [2008]; see People v Perez, 158 AD3d 1070, 1071 [4th Dept 2018], lv denied 31 NY3d 905 [2018]; People v Shepard, 103 AD3d 1224, 1224-1225 [4th Dept 2013], lv denied 21 NY3d 856 [2013]).
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court