People v Andrus (2025 NY Slip Op 04817)

People v Andrus

2025 NY Slip Op 04817

Decided on August 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 28, 2025

Before: Kern, J.P., Kennedy, González, Mendez, Rodriguez, JJ. 

Ind No. 1142/21|Appeal No. 3540|Case No. 2022-05489|

[*1]The People of the State of New York, Respondent,
v
Derrick L. Andrus, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Lindsey Richards of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Joseph McCormack, J. at plea; Naita Semaj, J. at sentencing), rendered November 18, 2022, convicting defendant of operating a motor vehicle while under the influence of alcohol, and sentencing him to three years of probation, modified, on the law, to the extent of striking the condition of probation requiring him to consent to a search by a probation officer of his person, vehicle, or place of abode and the seizure of any illegal drugs, drug paraphernalia, guns or other weapons or contraband found, and otherwise affirmed.
On December 20, 2020 police officers found defendant asleep behind the steering wheel of a car on the side of the road with the keys in the ignition and the engine running. Defendant allegedly had bloodshot eyes, slurred speech, the odor of alcohol emanating from his breath, and a bottle of tequila on the passenger seat. He was charged with three counts of operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law §§ 1192[1], [3]). Defendant had previously twice been convicted of the same offense.
The People offered defendant a conditional plea agreement under which he would plead guilty to both the class E felony and class A misdemeanor offenses, wear a SCRAM bracelet for 120 days without violations, complete the Victim Impact Panel and Drivers' Accountability Program, not be arrested or receive any moving violations or driving suspensions, and install an ignition interlock device (IID) if he possessed a vehicle. The plea court explained that if defendant complied with the conditional agreement, it would vacate the plea to the class E felony and sentence him on the class A misdemeanor to three years of probation, three years' use of an IID, and a fine. As relevant to this appeal, the plea court also stated defendant would be required to "consent to a search of [his] person or [his] home to allow the Probation Department to adequately supervise [him]." Defendant affirmed that he understood.
Defendant successfully complied with the conditional plea agreement and was sentenced as promised. In imposing the conditions of defendant's probationary sentence, the sentencing court used a form containing a list of 32 different conditions. Each condition had a corresponding box that could be checked by the court, which would impose that given condition. Among others, the sentencing court in this case checked box 28, which required defendant to "consent to a search by a Probation Officer . . . of his/her person, vehicle and place of abode . . . and the seizure of any illegal drugs, drug paraphernalia, gun/firearm or other weapon or contraband found." This consent-search condition was not discussed at sentencing and not requested by the Department of Probation. On this appeal, defendant challenges the sentencing court's imposition of the consent-search condition. Defendant does not object to the other conditions imposed by the court, including the condition outlined in box 1, which requires him to permit a Probation Officer to visit him at his residence or elsewhere.
As an initial matter, defendant's challenge to the consent-search condition is properly before this Court. Contrary to the People's contention, defendant's challenge is exempted from preservation as it "involves the essential nature of the right to be sentenced as provided by law (People v Hakes, 32 NY3d 624, 628 n3 [2018]).
Pursuant to Penal Law § 65.10(1), the conditions of probation "shall be such as the court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so." Moreover, the statute requires probation conditions to be reasonably related to a defendant's rehabilitation and to be individually tailored in relation to the offense committed (see People v Hale, 93 NY2d 454, 462 [1999]; People v Letterlough, 86 NY2d 259, 265 [1995]). In conducting this inquiry, this Court must consider the particular circumstances of the defendant's case (see People v Percy, 234 AD3d 619, 620 [1st Dept 2025]).
We have recently issued a number of decisions clarifying this standard and its application to the specific consent-search condition at issue in this case. In People v Arias (210 AD3d 593 [1st Dept 2022], lv denied 39 NY3d 1109 [2023]), the defendant pleaded guilty to and was convicted of attempted robbery in the second degree. We held that the consent-search condition was not reasonably related to the defendant's rehabilitation or necessary to ensure that he would lead a law-abiding life because the defendant was not under the influence of any substance or armed with a weapon when he committed the crime of which he was convicted and because he had no history of offenses involving substance abuse or weapons (id. at 594; see also People v Hall, 228 AD3d 466, 467 [1st Dept 2024]).
In People v Fernandez (233 AD3d 627, 627 [1st Dept 2024]), the defendant pleaded guilty to and was convicted of leaving the scene of an incident without reporting. Although the defendant had previously been convicted of marijuana possession, we held that the consent-search condition was not reasonably necessary to ensure that the defendant would lead a law-abiding life or to assist him to do so because the marijuana conviction "preceded the instant offense by nearly a decade" (id. at 628). We also reaffirmed the importance of analyzing the reasonableness of the consent-search condition in light of the underlying offense, noting as we did in Arias that "[d]efendant was not under the influence of any substance or armed with a weapon when he committed the crime of which he was convicted (see id., quoting Arias, 210 AD3d at 594 [internal quotation marks omitted]).
Conversely, we have upheld the consent-search condition in cases where the defendant used a weapon to commit the crime and had a history of violence and use of weapons (see People v Scott, 226 AD3d 443, 443-444 [1st Dept 2024], lv denied 42 NY3d 930 [2024] [defendant convicted of third-degree assault for using a cane to strike his intimate partner]), and where the Department of Probation determined the defendant to be in need of substance abuse treatment (see People v Velardo, 228 AD3d 520, 521 [1st Dept 2024], lv denied 42 NY3d 930 [2024]).
Applying the standard in a manner consistent with these recently decided cases and considering the particular circumstances of defendant's case, we hold that the consent-search condition imposed by the sentencing court is not reasonably related to defendant's rehabilitation or necessary to ensure that he will lead a law-abiding life. Initially, it is undisputed that defendant was not armed with a weapon when he committed the crime of which he was convicted. Defendant also has no history of violence or use of weapons and has never been convicted of an offense involving weapons (see Arias, 210 AD3d at 594; Hall, 228 AD3d at 467).
Moreover, defendant's past use of illegal substances does not support the imposition of the consent-search condition. Defendant has never been convicted of an offense involving illegal substances (see Fernandez, 233 AD3d at 628). While defendant's presentence report (PSR) states that he had experimented with marijuana, PCP, crack and heroin in the past "to take the pain away," the record does not specify for how long, how often or how recently he experimented with these substances and does not demonstrate, as the dissent suggests, that defendant has a history of abusing illegal drugs. Additionally, although the Department of Probation indicated that "close monitoring" of defendant was appropriate, it did not determine him to be in need of treatment for abuse of illegal substances and his PSR indicated that he had been drug-free for one to five years prior to committing the instant offense (cf. Velardo, 228 AD3d at 521). Accordingly, the circumstances of defendant's past use of illegal substances do not support a finding that the imposition of the consent-search condition was reasonably necessary to ensure that defendant will lead a law-abiding life or to assist him to do so, particularly where the frequency and magnitude of his use of illegal substances are unknown (see Penal Law § 65.10[1]).
Finally, although defendant was driving while under the influence of alcohol, had previously twice been convicted of driving while intoxicated, and admitted to the Department of Probation that he began to consume alcohol when he was 10 years old, his alcohol use does not support the imposition of the consent-search condition as written. There are certain limited circumstances where alcohol becomes contraband for the purposes of the consent-search condition, such as when it is open and located in a running vehicle (see Vehicle and Traffic Law § 1227[1]). However, the consent-search condition is not limited to conform to these specific circumstances. Rather, the condition broadly authorizes warrantless searches of defendant's person, vehicle and place of abode. This extensive reach into areas of defendant's life where he may legally possess and consume alcohol is not reasonably related to defendant's rehabilitation or individually tailored in relation to the offense committed, especially considering that defendant will still be "checked up on" pursuant to the condition permitting unannounced visits from a probation officer at his residence or elsewhere, which he does not challenge (Hale, 93 NY2d at 462).
Contrary to defendant's argument, the court's failure to "orally pronounce the consent-search condition at plea or sentencing did not render it invalid since he was provided a written copy of all conditions of probation" (Scott, 226 AD3d at 443-44; CPL 410.10[1]).
We perceive no basis for reducing defendant's sentence and decline to vacate the fine and fees imposed on him at sentencing in the interest of justice.
Our decision does not hold, as the dissent suggests, that either a recommendation for treatment by the Department of Probation or a prior related conviction is necessary for a defendant's substance abuse history to support imposition of the consent-search condition. However, we agree with our dissenting colleague that the relevant inquiry requires consideration of the totality of the circumstances and that no one factor is dispositive. Consistent with these requirements, our ultimate holding is based on a comprehensive evaluation of the record on appeal, which is guided by binding precedent set forth in decisions of this Court and the Court of Appeals.
All concur except Kennedy and Rodriguez, JJ. who dissent in part in a memorandum by Rodriguez, J. as follows:

RODRIGUEZ, J. (dissenting in part)
 

Supreme Court's imposition of the consent-search condition at issue was proper because it was supported by the facts of the instant conviction for driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and Mr. Andrus's history of substance abuse. I would therefore affirm.
Penal Law § 65.10 (1) provides that "[t]he conditions of probation and of conditional discharge shall be such as the court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so." The statute also allows the court to require a defendant to "[s]atisfy any other conditions reasonably related to his rehabilitation" (Penal Law § 65.10 [2] [l]; see Penal Law 65.10 [5] [court may "require that the defendant comply with any other reasonable condition as the court shall determine to be necessary or appropriate to ameliorate the conduct which gave rise to the offense or to prevent the incarceration of the defendant"]).
As the Court of Appeals has recognized, a defendant who enters a guilty plea in exchange for a sentence of probation, as here, has "negotiated an arrangement by which [they] would be able to remain at liberty in exchange for a surrender of some of [their] rights, including a diminished expectation of privacy" (People v Hale, 93 NY2d 454, 464 [1999]).[FN1] When imposing a sentence of probation, Supreme Court thus holds "broad authority to impose a myriad of probationary requirements" (People v Hakes, 32 NY3d 624, 632 [2018]).
As relevant here, on appeal Mr. Andrus argues among other things that the consent-search condition imposed by Supreme Court was not reasonably related to his rehabilitation. In response, the People contend that the condition is reasonably supported inasmuch as it is based on the facts of the instant conviction and Mr. Andrus's admitted history of drug and alcohol abuse. The People also note that Mr. Andrus was convicted previously for similar conduct.
For the most part, I agree with the majority's recitation of applicable authority. For example, the majority explains that in People v Fernandez (233 AD3d 627 [1st Dept 2024]) and People v Arias (210 AD3d 593 [1st Dept 2022], lv denied 39 NY3d 1109 [2023]), this Court held that the imposition of the consent-search condition was improper since the defendants were "not under the influence of any substance or armed with a weapon when [they] committed the crime[s] of which [they] w[ere] convicted" (Fernandez, 233 AD3d at 628, quoting Arias, 210 AD3d at 594). Imposition of the condition was also improper in those cases because the defendants "had no history of violence or use of weapons" (Fernandez, 233 AD3d at 628, quoting People v Hall, 228 AD3d 466, 467 [1st Dept 2024]) and, moreover, they "had no history of offenses involving substance abuse or weapons" (Arias, 210 AD3d at 594).
Nonetheless, as the majority further observes, we have held the condition to be properly imposed where the crime involved use of a weapon (see People v Scott, 226 AD3d 443, 443-444 [1st Dept 2024], lv denied 42 NY3d 930 [2024]; see also People v Anderson, 233 AD3d 549, 550 [1st Dept 2024]), where the defendant had a history of violence and use of weapons (see id.), and where the Department of Probation determined the defendant to be in need of substance abuse treatment (see People v Velardo, 228 AD3d 520, 521 [1st Dept 2024], lv denied 42 NY3d 930 [2024]).
Accordingly, in general, a consent-search condition may properly be imposed if weapon use or substance abuse is reasonably related to the conduct underlying the offense, previous convictions, or a defendant's more general history. With respect to prior convictions or a defendant's indicated history, considerations include the nature of the prior conduct as it relates to the instant offense as well as the amount of time that has passed (see e.g. Fernandez, 233 AD3d at 628 [condition's relationship to rehabilitation not established by decade-old marijuana possession conviction]).
In close cases, however, subtleties make all the difference. Here, I disagree with the majority's analysis in several respects. First, the majority applies a heightened standard that, in any event, the condition at issue satisfies. Relatedly, the majority's reasoning appears to draw what is in this context an inapposite distinction between abuse of legal and illegal substances. Finally, the majority unduly emphasizes whether the defendant has specific prior convictions and whether the Department of Probation has formally recommended substance abuse treatment. The majority consequently reaches a conclusion here that is, in my view, a departure from the fundamental standard.
In reviewing the lawfulness of a probation condition, we examine whether the condition imposed was "tailored to suit the probationer[] and . . . reasonably related to [their] rehabilitation" (Hale, 93 NY2d at 461 [internal quotation marks omitted]; see Penal Law § 65.10 [1] ["reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so"]; see also Penal Law § 65.10 [2] [l], [5]). The applicable standard's leniency corresponds to the nature of probation as an alternative to incarceration in appropriate circumstances (see e.g. Hakes, 32 NY3d at 630 ["The decision to sentence a defendant to probation as an alternative to jail or prison reflects a determination by the sentencing court that both society and the defendant would be better served by the individual's closely supervised release into the community, provided that certain reasonable conditions are met"]; see also id. at 632 [expressing concern for contrary holding that would cause sentencing courts to, "in many instances, no longer view release into the community as a viable alternative to incarceration"]). In other words, the standard reflects the general objective that courts should not find themselves hamstrung to impose incarceratory terms where probation, with reasonable conditions, would suffice.
Here, the majority's examination looks not to a relationship between the condition, the offense, and Mr. Andrus as a whole, but instead improperly applies a heightened standard of scrutiny in isolation. As an initial matter, the majority indeed acknowledges that features of the challenged condition are sufficiently supported by the facts presented (see e.g. majority op at 5 ["There are certain limited circumstances where alcohol becomes contraband for the purposes of the consent-search condition"]). Yet the majority proceeds to examine all aspects of the condition without context and, in so doing, finds some unsupported in its view. Accordingly, it concludes, the condition should be stricken in its entirety.[FN2] The majority thus fails to recognize the leniency of the applicable standard, the nature of probation as an alternative to incarceration, and the discretion afforded Supreme Court.
Even if this heightened standard were correct, the majority's analysis and conclusion are contrary to binding authority and the facts presented. On the first measure, the Court of Appeals has held that the consent-search condition may be reasonably related to a defendant's rehabilitation even where not limited to the location or kind of location implicated by the conviction at issue. In Hale, the consent-search condition was warranted for the defendant's vehicle and home even though the offense giving rise thereto was "having caused the death of a young woman who was swimming when he struck her with his motor boat, which he operated while he was impaired" (Hale, 93 NY2d at457 [emphasis added]; see id. at 457-459).
Additionally, the relevant facts support the condition's propriety. As the majority notes, the condition at issue required Mr. Andrus to "consent to a search . . . of his/her person, vehicle and place of abode . . . and the seizure of any illegal drugs, drug paraphernalia, gun/firearm or other weapon or contraband found." Concerning legal and illegal substances in this context, when Mr. Andrus was arrested he had an open bottle of alcohol in his running vehicle's passenger seat. Although alcohol in and of itself does not constitute "contraband," it so becomes when open and located in a running vehicle (see Vehicle and Traffic Law § 1227 [1] ["The drinking of alcoholic beverages or consumption of cannabis, or the possession of an open container containing an alcoholic beverage, in a motor vehicle located upon the public highways or right-of-way public highway is prohibited. Any operator or passenger violating this section shall be guilty of a traffic infraction"]). Accordingly, the consent-search condition is proper inasmuch as it addresses, among other places, Mr. Andrus's vehicle. Importantly, the underlying offense and Mr. Andrus's criminal record demonstrate that he has a history of engaging with alcohol in a manner such that its possession becomes unlawful.
More broadly, the presentence report reflects that Mr. Andrus's past substance abuse has, at times, had slight regard for substances' legal statuses. As to Mr. Andrus's prior use of illegal substances, the presentence report contains possibly conflicting information. In particular, it notes that Mr. Andrus reported he "experimented with Marijuana, PCP (Angel Dust); Crack; and Heroin to take the pain away" (emphasis added).[FN3] Genuine experimentation, on the one hand, is just that: to see what it's like. Addressing pain, on the other, is purposeful: to self-medicate. Leaving aside whether the presentence report's use of punctuation should be parsed out for further fine distinctions, it is clear that at least some of Mr. Andrus's illegal substance use was for the purpose of self-medication—the same acknowledged purpose for his abuse of alcohol.[FN4] In any event, Mr. Andrus's presentence interview and series of offenses demonstrate a history of dangerous decision making while intoxicated or under the influence of mind-altering substances. I accordingly conclude that Mr. Andrus's reported history of illegal substance abuse—combined with the instant conviction for driving while intoxicated, two prior convictions for similar offenses, and history of alcohol abuse—thus permitted Supreme Court to properly impose the condition as part of a nonincarceratory sentence.[FN5]
The majority's opinion also diverges from relevant authority to the extent its analysis, if not its disclaimer, suggests that either a recommendation for treatment or a prior related conviction is necessary for a defendant's substance abuse history to support imposition of the condition. To be sure, a reasonable relationship between the consent-search condition and a defendant's rehabilitation is strongly indicated in cases where the Department of Probation has formally recommended substance abuse treatment. The presence of such a recommendation is not a requirement, however, nor could it be given the possibility that the record might otherwise demonstrate the condition's reasonableness (see generally Penal Law § 65.10). Indeed, here, Mr. Andrus's substance abuse history supports the condition's imposition notwithstanding the absence of a formal substance abuse treatment recommendation.[FN6] Specifically, the record demonstrates that Mr. Andrus's history of substance abuse includes
(1) repeatedly driving while intoxicated; (2) abuse of both alcohol and illegal drugs;
(3) relapse as reflected in the presentence report;[FN7] and (4) at 55 years of age, a longest period of abstinence of from one to five years. Further, an approach requiring an illegal substance abuse-related conviction [FN8] would be incongruent with the realities of the plea-bargaining process, since a defendant may be arrested or indicted for weapon- or substance-related offenses, among others, but ultimately accept a plea deal resulting in a conviction not expressly so related. Imposing a requirement as suggested by the majority's analysis would thus improperly raise the controlling standard and, moreover, potentially limit nonincarceratory alternatives in a manner not contemplated by relevant authority or the plain language of Penal Law § 65.10 (see generally Hakes, 32 NY3d at 632).
It should not go unmentioned that Mr. Andrus has made significant strides. In particular, at the time Mr. Andrus was interviewed by the Department of Probation, he had successfully completed six months of alcohol treatment and remained in the aftercare program at the Lincoln Recovery Center. Additionally, he was enrolled for a year at a program that provided him with Vivitrol, a daily medication that treats alcohol dependency.[FN9] The steps Mr. Andrus has taken to achieve sobriety are undoubtedly commendable, and my conclusion here should of course not be read to undermine his achievements in any respect. Ultimately, however, Supreme Court's imposition of the condition was proper.
In sum, contrary to the majority's approach, the Court of Appeals and this Court have applied Penal Law § 65.10 in a manner supporting consideration of the totality of the circumstances. This includes, if relevant, the nature and age of any prior convictions as they may relate to the instant offense (see e.g. Fernandez, 233 AD3d at 628). In addition, it includes consideration of a defendant's history of conduct that, though relevant to an evaluation of rehabilitation and future law abidingness, may not have ultimately resulted in a weapon- or substance-related conviction or even system involvement at all (see Penal Law § 65.10 [1], [2] [l], [5]; Hale, 93 NY2d at 461 [conditions properly imposed "to further defendant's rehabilitative prospects, given his background, history, and proclivities"]; see also e.g. People v Percy, 234 AD3d 619, 620 [1st Dept 2025] ["In determining whether a condition is reasonably necessary and related to a defendant's rehabilitation, the Court must consider the particular circumstances of the defendant's case"]; cf. People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024] ["Defendant did not commit the instant crime, or have a history of misconduct, on public transportation. Accordingly, the prohibition from using or entering any public transportation conveyance or facility was not reasonably related to defendant's rehabilitation, or necessary to ensure that he will lead a law-abiding life" (emphasis added)]). Stated differently, no one factor should necessarily be dispositive.
In the present case, Mr. Andrus's strides to achieve sobriety warrant our express credit. That said, the imposition of probation conditions is within the court's discretion as it considers a nonincarceratory sentence, and the conditions imposed need only be "reasonably related to defendant's rehabilitation" (Hale, 93 NY2d at 462; see Penal Law § 65.10). The majority's heightened standard thus risks terms of unnecessary imprisonment to the detriment of Supreme Court's discretion to craft an appropriate sentence and the condition of State coffers (see e.g. People v Greene, 41 NY3d 950, 954 n 1 [2024] [Wilson, C.J., concurring] [approximate cost of state incarceration is $115,000 per year]), not to mention defendants like Mr. Andrus for whom neither Supreme Court, the majority, nor I believe a term of imprisonment is warranted.
Under the circumstances presented, the consent-search condition reasonably supports defendant's rehabilitation, and I would therefore affirm.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 28, 2025

Footnotes

Footnote 1: See id. at 461 ("In New York, as in other jurisdictions, a sentence of probation is an option among various sentencing alternatives short of confinement. The probationer, although not physically confined, remains in the legal custody of the court for the probationary period. Probation contemplates and even requires a level of official supervision substantial enough to insure that the defendant will lead a law-abiding life or to assist the probationer toward that goal. In keeping with the objective, a sentencing court will typically include a number of standard, statutorily based requirements of probation relating to treatment, employment, restitution, affiliations, family obligations, community service, or other concerns. This statutory list does not purport to be complete, nor must every requirement be imposed in every case. The conditions and requirements are to be tailored to suit the probationer, and for that reason Penal Law § 65.10 (2) (l) empowers the sentencing court to require that the probationer '[s]atisfy any other conditions reasonably related to his rehabilitation'" [internal quotation marks and citations omitted]).
Footnote 2: In this way, the majority's novel approach strikes one as a sort of inverse facial review (see e.g. Cohen v State, 94 NY2d 1, 8 [1999] ["In seeking facial nullification, plaintiffs bear the burden to demonstrate that in any degree and in every conceivable application, the law suffers wholesale constitutional impairment" [internal quotation marks omitted]), or as requiring a search warrant's particularity (see e.g. People v Duval, 36 NY3d 384, 389-391 [2021]). Put differently, the majority's applied standard is not derived from and does not resemble precedent in the relevant context.
Footnote 3: To be clear, this sentence in the presentence report, as well as other limited notations therein, represent the entirety of the relevant record concerning Mr. Andrus's history of illegalsubstance use. Among the other limited notations are an indication that Mr. Andrus "reported being drug free since: 1 - 5 years," and that Mr. Andrus, now in his 50s, "acknowledged his use of illicit drugs and alcohol consumption since his early pre-teen years." Both details provide modest additional support for the proposition that the condition is reasonably related to Mr. Andrus's rehabilitation.
Footnote 4: Although the full context suggests a period of much greater duration, the presentence report includes Mr. Andrus's acknowledgment that he "began to self-medicate with alcohol" since at least one year before the instant offense.
Footnote 5: See People v Mendoza, 231 AD3d 1170, 1170 (2d Dept 2024) (holding warrantless search condition properly imposed where the defendant "operated a motor vehicle with a blood alcohol content of approximately .25%, was convicted of, inter alia, aggravated driving while intoxicated with a child passenger and aggravated driving while intoxicated per se"); People v Lora, 236 AD3d 820 (2d Dept 2025) (finding search condition properly imposed where the defendant "operated a motor vehicle with a blood alcohol content of approximately .279% [and] was convicted of aggravated driving while intoxicated"); compare People v Mead, 133 AD3d 1257 (4th Dept 2015) (condition stricken where the "defendant, a first-time offender, d[id] not have a history of drug or alcohol abuse and [] was not under the influence of drugs or alcohol at the time of the offense"), with People v King, 151 AD3d 1651, 1653 (4th Dept 2017), lv denied 30 NY3d 951 (2017) ("Unlike the defendant in People v Mead, the 16-year-old defendant in this case had a history of drug and alcohol abuse beginning at a young age that resulted in, among other things, a referral to a treatment program from which defendant was unsuccessfully discharged. Additionally, the 10-year-old victim of defendant's sexual abuse reported that defendant had exposed her to marihuana. We thus conclude that the consent-to-search condition is tailored to suit defendant and reasonably related to his rehabilitation" [internal citation omitted]); cf. People v Saraceni, 153 AD3d 1559, 1560 (4th Dept 2017), lv denied 30 NY3d 913 (2018) ("The waiver and consent to search was ostensibly based on defendant's acknowledgment that his criminal behavior was related to drug/alcohol abuse, but in fact there was no evidence that defendant was under the influence of alcohol or drugs when he committed the offense or had a history of drug or alcohol abuse").
Footnote 6: It is far from clear that the Probation Department did not recommend substance abuse treatment here. Although the presentence report indicated that Mr. Andrus was screened for "substance use needs" and "no further assessment" was necessary at that time, under the "Sentence Details Recommendations" section of the report, it further states that "an alcohol treatment program coupled with close monitor[ing] appears essential to [Mr. Andrus's] overall adjustment." To the extent the majority's decision can be read as distinguishing between recommendations of treatment for alcohol and illegal substance abuse, that is a distinction without a difference in this context. In any event, because the lack of a formal recommendation does not affect my conclusion, this analysis assumes that a treatment program was not so recommended.
Footnote 7: Although relapse is a relevant consideration, depending on the circumstances it may appropriately be afforded less weight as an ordinary part of recovery.
Footnote 8: Notwithstanding the majority's insistence otherwise (see majority op at 6 ["Our decision does not hold . . . that . . . a prior related conviction is necessary for defendant's substance abuse history to support imposition of the consent-search condition"]), the absence of certain specific convictions remains a prominent feature of its reasoning (see e.g. id.at 5 [Mr. Andrus "has never been convicted of an offense involving illegalsubstances"]).
Footnote 9: Indeed, the record suggests that to the extent the Department of Probation declined to formally recommend substance abuse treatment it was because, at the time of its interview, Mr. Andrus had already successfully completed this treatment and was participating in the aftercare program. These circumstances, while relevant to the overall analysis, do not extinguish the court's authority to impose conditions reasonably related to rehabilitation (see Penal Law § 65.10 [5] ["court may require . . . any other reasonable condition as the court shall determine to be necessary or appropriate to ameliorate the conduct which gave rise to the offense or to prevent the incarceration of the defendant"]; see also Hale, 93 NY2d at 462 ["Considering that the program was designed to keep defendant free of drugs, one way to encourage him to do so was to hold out the possibility that he would be checked up on"]).