People v Archibald (2025 NY Slip Op 04733)

People v Archibald

2025 NY Slip Op 04733

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-03909
2022-03911
 (Ind. No. 5090/19; S.C.I No. 71767/22)

[*1]The People of the State of New York, respondent,
v
James Archibald, appellant.

Patricia Pazner, New York, NY (Denise A. Corsi of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Kaley Hanenkrat of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Danny K. Chun, J.), both rendered April 25, 2022, convicting him of grand larceny in the third degree under Indictment No. 5090/19, and grand larceny in the fourth degree and immigrant assistance services fraud in the first degree under Superior Court Information No. 71767/22, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant pleaded guilty to grand larceny in the third degree under Indictment No. 5090/19, and grand larceny in the fourth degree and immigrant assistance services fraud in the first degree under Superior Court Information No. 71767/22, and was sentenced to concurrent terms of probation. The Supreme Court imposed a condition of probation requiring the defendant to support his dependents and meet other family responsibilities (hereinafter Condition No. 14), as well as a condition of probation requiring the defendant to consent to a search by a probation officer of his person, vehicle, and place of abode (when such place of abode is legally under his control), and the seizure of any illegal drugs, drug paraphernalia, gun/firearm, or other weapon or contraband found during the search (hereinafter Condition No. 28). The defendant appeals.
"Pursuant to Penal Law § 65.10(1), the conditions of probation 'shall be such as the court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him [or her] to do so'" (People v Mensah, 221 AD3d 732, 733; see People v Mantilla, 236 AD3d 925). "In Penal Law § 65.10(2), the Legislature set forth a list of conditions intended as rehabilitative" (People v Joseph D., 226 AD3d 922, 923; see People v Hakes, 32 NY3d 624, 629), including the condition that a defendant "[s]upport his [or her] dependents and meet other family responsibilities" (Penal Law § 65.10[2][f]). The statutory list "does not purport to be complete, nor must every requirement be imposed in every case" (People v Hale, 93 NY2d 454, 461). Thus, Penal Law § 65.10(2) also includes "a catchall provision which allow[s] . . . courts to set 'any other conditions reasonably related to [the defendant's] rehabilitation''' (People v Hakes, 32 NY3d at 629, quoting Penal Law § 65.10[2][l]). "Sentencing courts may also impose conditions 'requir[ing] that the defendant comply with any other reasonable condition [as the court shall determine to be] necessary or appropriate to ameliorate the conduct which gave rise to the offense or to prevent the incarceration of the defendant'" (People v Brazeal, 235 AD3d 890, 891-892 [alteration omitted], quoting Penal Law § 65.10[5]). "Therefore, sentencing courts may require a [*2]defendant to consent to searches by his or her probation officer for weapons or other contraband, so long as the condition is 'reasonably related to the defendant's rehabilitation, or necessary to ensure that the defendant will lead a law-abiding life'" (People v Mantilla, 236 AD3d at 926, quoting People v Mensah, 221 AD3d at 733; see People v Hale, 93 NY2d at 461). "To satisfy this standard, courts must ensure that the condition is 'individually tailored in relation to the offense' (People v Dranchuk, 203 AD3d 741, 743) and the defendant's particular circumstances, including his or her 'background, history, and proclivities' (People v Hale, 93 NY2d at 461)" (People v Mantilla, 236 AD3d at 926; see People v Brazeal, 235 AD3d at 892).
Here, the Supreme Court properly imposed Condition No. 14, as the defendant has a child or children for whom he is obligated to provide support (see Penal Law § 65.10[2][f]; cf. People v Sobers, 235 AD3d 908). The defendant's constitutional challenge to so much of this condition as required him to "meet other family responsibilities" is unpreserved for appellate review (see People v Saraceni, 153 AD3d 1559), and we decline to reach it in the exercise of our interest of justice jurisdiction.
The Supreme Court also properly imposed Condition No. 28 upon the defendant. This condition was individually tailored in relation to the underlying offenses, which involved, among other things, the defendant's wrongful possession of certain passports, and was, therefore, reasonably related to the defendant's rehabilitation or necessary to ensure that the defendant will lead a law-abiding life (see People v Hale, 93 NY2d at 461; People v Grandstand, 236 AD3d 817, 818; cf. People v Mensah, 221 AD3d at 733; People v Dranchuk, 203 AD3d at 743). Moreover, contrary to the defendant's contention, this condition was not otherwise unlawful (see People v Grandstand, 236 AD3d at 818).
The sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court