People v Ortiz (2026 NY Slip Op 00595)

People v Ortiz

2026 NY Slip Op 00595

Decided on February 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 05, 2026

Before: Moulton, J.P., Friedman, Higgitt, Rosado, O'Neill Levy, JJ. 

SCI No. 71607/24|Appeal No. 5739|Case No. 2024-04020|

[*1]The People of the State of New York, Respondent,
vRoberson Ortiz, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Emily A. Aldridge of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Jeffrey Rosenblueth, J.), rendered May 29, 2024, convicting defendant, upon his plea of guilty, of criminal possession of a firearm, and sentencing him to three years of probation, unanimously modified, on the law, to the extent of striking the conditions of probation requiring him to pay the surcharge and fees imposed at sentencing, and to submit to testing for alcohol and illegal substances if directed by the Department of Probation, and otherwise affirmed.
Defendant validly waived his right of appeal, which tracked the Model Colloquy endorsed in People v Thomas (34 NY3d 545, 567 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]). A written waiver supplemented defendant's oral waiver by reiterating the explanation of the waiver of appeal the court provided during the colloquy (see People v Johnson, 234 AD3d 503, 503 [1st Dept 2025], lv denied 43 NY3d 1009 [2025]). "The language in the colloquy and the written waiver did not suggest that defendant waived his right to appellate counsel" (People v Rosario, 242 AD3d 527, 527 [1st Dept 2025]). Nor did the court instruct defendant that the waiver was required as part of the plea process.
Defendant's valid waiver forecloses review of his excessive sentence claim (People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025], lv denied 44 NY3d 1012 [2025]). In any event, we perceive no basis for reducing defendant's sentence. The valid waiver also forecloses review of his constitutional as-applied challenge to condition seven under the First, Fifth, and Fourteenth Amendments (id.; see also People v Lombard, 241 AD3d 1126, 1126 [1st Dept 2025]). To the extent that defendant asserts facial constitutional challenges, his claims survive his appeal waiver (see People v Johnson, — NY3d —, 2025 NY Slip Op 06528, *2 [2025]). However, all of defendant's constitutional challenges are unpreserved (see People v Cabrera, 41 NY3d 35, 42 [2023]), and we decline to review them in the interest of justice.
Defendant's non-constitutional challenges to his probation conditions do not require preservation because the "issue implicates the legality of the sentence imposed" (People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]).
At the time of his arrest, defendant, who was acting in concert with an unapprehended person, possessed a loaded firearm. Accordingly, the sentencing court providently deemed it "reasonably necessary" to order defendant to "avoid injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people " "to insure that the defendant will lead a law-abiding life or assist him to do so" (Lowndes, 239 AD3d at 575; see also Penal Law § 65.10[1],[2]). Given that defendant's crime took place at night, the court also providently deemed it necessary to order defendant to submit to a curfew if directed to do so by the Department of Probation. Under the circumstances, imposition of a curfew was "appropriate to ameliorate the conduct which gave rise to the offense" and "to prevent" defendant's incarceration (Penal Law § 65.10[5]).
We strike the condition ordering defendant to submit to testing for alcohol and illegal substances. There was "no evidence that defendant was under the influence of alcohol or drugs when he committed the offense" (People v Saraceni, 153 AD3d 1559, 1560 [4th Dept 2017], lv denied 30 NY3d 913 [2018]).
Under "the particular circumstances of [this] case" (People v Percy, 234 AD3d 619, 620 [1st Dept 2025]), requiring payment of the surcharge and fees is not "reasonably related to [defendant's] rehabilitation" (Penal Law § 65.10[2][l]). Defendant is indigent and unemployed (see Percy, 234 AD3d at 620). Accordingly, that condition is stricken. We note that the People do not oppose this relief. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 5, 2026